[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10454

Non-Argument Calendar

_____

SHERLYN JOHNSON,

Plaintiff-Appellant,

*versus*

U.S. SECRETARY OF THE ARMY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:22-cv-00036-CLM

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Sherlyn Johnson, in a counseled complaint, sued the Secretary of the Army, alleging race and gender discrimination and unlawful retaliation. The district court concluded that it lacked subject-matter jurisdiction and dismissed her suit without prejudice. Johnson now challenges that conclusion on appeal. We affirm.

Johnson's third amended complaint includes two counts: (1) "Violation of 42 U.S.C. § 1981 Discrimination"; and (2) "Violation of 42 U.S.C. § 1981 Retaliation." The district court dismissed her complaint for lack of jurisdiction, reasoning that the federal government has not waived its sovereign immunity for § 1981 claims. On appeal, Johnson argues that even though her "chosen language highlighted 42 U.S.C. § 1981, the basis and crux of her argument pertained to violations of [Title VII]"—claims for which the United States *has* waived its immunity. To support that contention, she points to other parts of the complaint that alternatively mention Title VII and the Federal Torts Claims Act as bases for the court's jurisdiction.

Although Johnson may have mentioned Title VII in her complaint, she did not bring any Title VII claims against the Secretary. Instead, she chose to sue under § 1981. But we have long held that "the United States has not waived its immunity to suit under" § 1981. *United States v. Timmons*, 672 F.2d 1373, 1380

23-10454               Opinion of the Court                    3

(11th Cir. 1982).  That section "does not provide a cause of action for discrimination under color of federal law."  *Lee v. Hughes*, 145 F.3d 1272, 1277 (11th Cir. 1998).  Because Johnson's only claims against the Secretary were brought under § 1981, the district court properly concluded that it lacked subject-matter jurisdiction. Accordingly, we **AFFIRM**.